**UNITED STATES of America,**
**Appellee,**

v.

**Rogelio FIGUEROA–TAVERAS,**
**Defendant–Appellant.**

**No. 07–2487–cr.**

United States Court of Appeals,
Second Circuit.

July 31, 2008.

Colleen P. Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y., for Appellee.

Kenneth A. Polite, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York; Celeste L. Koeleveld, Assistant United States Attorney, on the brief) New York, N.Y., for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Rogelio Figueroa–Taveras appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York (Patterson, *J.*). The conviction was entered pursuant to Figueroa–Taveras's guilty plea on a single charged count of illegally reentering the United States—without having obtained permission for readmission as required by 8 U.S.C. § 1326(a) and (b)(2)—after having been lawfully deported, following a conviction for an aggravated felony. After a sentencing hearing, the District Court principally sentenced him to 57 months' imprisonment. He challenges the sentence.

Figueroa–Taveras argues that his sentence is procedurally unreasonable because, he asserts, the District Court gave the Guidelines range—57 to 71 months—an improper "presumption" of correctness. Such presumptions are impermissible. *Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2465, 168 L.Ed.2d 203 (2007); *United States v. Booker,* 543 U.S. 220, 259–60, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Here, however, the District Court applied no such presumption when declining to depart from the Guidelines range, but rather used the range as a "starting point and the initial benchmark," which is entirely appropriate. *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007). Indeed, Judge Patterson specifically noted that he had the "legal authority" to depart from the Guidelines, but declined to do so in Figueroa–Taveras's case because he had "taken into account the provisions of Section 3553(a) of Title 18 and conclude[d] that none of the provisions of that section would lead [him] to reduce the sentence from the guideline sentence." Specifically, Judge Patterson declined a defense request to grant a downward departure on the basis of the fact that Figueroa–Taveras had spent thirteen months in prison on a separate illegal entry charge. Judge Patterson found that this did not give him "much of a reason to depart," especially in light of "the nature and circumstances of the offense and the characteristics of the defendant as shown by the presentence report." Thus, while the District Court noted that it "always [had] the discretion" to depart from the Guidelines range, a lower sentence was inappropriate even in light of the prior time served, because prison time "did not seem to have deterred the defendant from reentry, in other words, from committing the crime."

We have considered all of Appellant's claims and found them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.